## NEWMAN, Respondent, v. MAYS, Appellant.

1. If relevant testimony with respect to an alleged written contract be introduced by either party to a suit, the other party is entitled to have said contract read in evidence.

2. A judgment will not be reversed on account of the admission of irrelevant testimony, unless it is calculated to injure the party complaining of its admission.

*Appeal from Marion Circuit Court.*

*Lipscomb* and *Anderson,* for appellant.

*Dryden,* for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The only error assigned is that the plaintiff was permitted to read in evidence a contract spoken of by the defendant's witness in his testimony. If any part of the witness' testimony was relevant, most certainly it was proper that the contract should be read under which he stated that he had made the payment. The plaintiff had the right, after the witness had testified in relation to the contract, to have it explained. If it had been in parol, he could have called for its terms and all its particulars; but being in writing, it was proper to produce it, and, after identifying it, to give it in evidence. But conceding that it was irrelevant, we can not see that it injured the defendant, and a judgment will not be reversed because irrelevant testimony is admitted, unless it is manifest that it was calculated to injure the party complaining of it.

The judgment will be affirmed; the other judges concur.